THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* CHEVALIER, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a prosecution for violation of the Sanitary Regulations.

No. 673.—Decided April 23, 1914.

SANITARY REGULATIONS—URBANIZATION OF MARSHY LANDS—COMPLAINT.—When a complaint based on the violation of section 2 of Sanitary Rules and Regulations No. 6 of September 18, 1912, follows the wording of the said regulation, it is sufficient without stating the acts performed by the accused for the urbanization of the marshy lands.

ID.—URBANIZATION OF MARSHY LANDS—LIABILITY OF VENDOR.—A person who leases or sells wet and marshy lots for the building of houses thereon without first urbanizing the land pursuant to the provisions of Sanitary Regulation No. 6 of September 8, 1912, commits a violation of the said regulation for which he and not the lessee or vendee is liable.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Frank Antonsanti* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the trial of this case on appeal before the District Court of San Juan, Section 2, the appellant was found guilty of the offense of having violated the Sanitary Law and sentenced to pay a fine of $10 or, in default thereof, to undergo one day's imprisonment for each dollar not paid and to pay the costs. The accused appealed to this court from that judgment.

The complaint which originated the judgment appealed from reads in part as follows:

"I, Juan Torres, residing at 67 R. Cordero Street, San Juan, 36 years of age, charge Bernabé Chevalier with the violation of Sanitary Regulation No. 6, section 2, committed in the following manner: That on August 21, 1913, in Santurce in the ward known as Melilla of the Municipal Judicial District of San Juan, the said accused wilfully and maliciously destined to be urbanized certain damp and marshy lands which had not been improved previously by drainage, desiccation or disinfection as required by the circumstances, the said lands belonging to him being situated at Stop 22½, Santurce, south of the military road, in the ward known as Melilla; thus violating Sanitary Rules and Regulations No. 6, section 2."

The appellant contends in his brief that the trial court erred in not sustaining his demurrer to the complaint based on the ground that it did not state facts sufficient to charge an offense, inasmuch as he is accused only of having destined a piece of land for urbanization without stating the acts performed by him with that object in view.

Section 2 of Rules and Regulations No. 6 of September 18, 1912, the violation of which is alleged, reads as follows:

"Section 2.—The lands to be urbanized should be naturally dry and healthy, but if they are marshy or damp or if they have previously been used as a dumping place for garbage, or for any industrial products injurious to health, or as a cemetery, or for any building or factory where garbage may have been deposited, they shall first be improved by drainage, desiccation or disinfection as

required by circumstances, and no building of any kind except such temporary ones as may be necessary for carrying out said improvements shall be constructed on said lands until the same shall have been made sanitary.''

As will be seen, the complaint follows the wording of the said regulation and we have already held repeatedly that in such a case the complaint is sufficient unless the special circumstances of the offense require that.it be worded differently, as when certain acts are necessary to constitute the offense. *The People* v. *Ortiz,* 17 P. R. R., 860; *The People* v. *Birrier,* 18 P. R. R., 260.

The other error assigned is that the appellant has not violated any sanitary regulation because it is shown by the evidence that the houses built on his lands were built by third parties and they should be held responsible instead of the appellant. What appears from the evidence is that the accused rents lots of a property belonging to him, on which, on the date of the complaint, some houses had been constructed and others were being built by persons who paid the owner ground rent, the said lands being marshy and damp and not having been made sanitary before the houses were built. These facts show clearly a violation by the appellant of the said sanitary regulation, because his lands were destined to urbanization contrary to the provision that the lands should be drained by the owner prior to the building of houses thereon. And even supposing that some of said buildings were constructed before the taking effect of the regulation with whose violation he is charged, from the moment it did take effect he could not continue proceeding to urbanize the lands without complying with the provisions of said regulation. The owner who destines the land for urbanization, whether he rents or sells the lots, is liable for the violation of the said regulation and not the lessee or vendee who constructs the buildings, because the owner and not the lessee or vendee has destined the property for urbanization.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.